## STEPHEN PALMOR [1] and EUNICE, his Wife, v. ELI HALL and WILLIAM McILVAIN.

Orphans' Court. Sussex. July 23, 1822.

*Ridgely's Notebook IV, 65.*

---

[1] In an earlier litigation the petitioner's name is spelled "Palmer," *Ridgely's Notebook III, 148.*

*Peter Robinson* appears for Eli Hall. July 23, 1822, the death of Stephen Palmor suggested and admitted. . . .

THE CHANCELLOR. By the first plea it appears that before, and at the time of, the marriage of Joseph Tam and the petitioner, judgments existed against Tam which bound all his lands, and that Tam bargained and sold the land in which dower is now claimed, subject to these judgments; and that Hall conveyed other land to Joseph Tam, by the sale of which by execution process, together with money paid by Eli Hall, these judgments were satisfied. The ground of the defense upon this point is, that the land before and at the time of the marriage was encumbered by judgments, and that, as the land conveyed by Hall to the husband was applied by process of law to the payment of these judgments, and as they were thereby, and by money advanced by Hall, actually satisfied, the widow is not entitled to dower in the land conveyed to Eli Hall.

This defense cannot avail Mr. Hall. He does not make title to the land by virtue of execution process; and if the "Act respecting devises of lands, joint estates and dower" [5 Del.Laws 174] had never existed, he could not defend himself under these judgments. The wife's dower could not be barred by the existence of judgments against the land; and the sale of the lands during the marriage could in no manner be made (without her being a party) so as to bar her dower, but in virtue of "An Act for taking lands in execution for payment of debts," 1 Del.Laws 109, or by virtue of the intestate laws. By these laws alone were lands liable to sale so as to bar the wife. The late Act of Assembly was not designed to exclude a woman of dower in any case; its object is, with some qualification, to give her dower in all cases, except against liens or incumbrances existing before the marriage or before its passage: But it never was the intention of the Act nor of any Act of Assembly, to make a judg-

ment alone a bar to dower. The purchaser from the husband during the marriage cannot shield himself under any such judgment; for if he could, a judgment for fifty dollars against a man worth ten thousand would be a bar. It is the sale by judicial process, the operation of law, which protects the purchaser, and not the sale by the husband. This part of the defense cannot prevail.

It is secondly alleged that the petitioner is not entitled to dower in the land held by the defendant, but that, if she is entitled to any dower, it is in the land conveyed by the defendant to Joseph Tam. In the last mentioned land she cannot be entitled to dower because it appears by the first plea that it was sold by execution process; and therefore the "Act for taking lands in execution for payment of debts," 1 Del.Laws 109, bars her as to that. Even supposing Mr. Hall and Joseph Tam had exchanged lands, she would have had her election to be endowed in either parcel. Co.Litt. 31, 6. But this was not an exchange; and if it were, this petition would be her election, and she would be entitled to recover her dower in these lands held by Eli Hall. The plea of a former petition and decree thereon is not a bar, because it was not for the same matter. That was for land of which Joseph Tam died the owner; this is for land which he aliened in his lifetime.

The widow can have dower only according to the value of the land at the time of the alienation. See Co.Litt. 32a, Perk.Conv. 328, Bac.Abr., title "Dower" (B. 5).

NOTE. A woman entitled to dower of a manor shall not have a third part of the improved values of copyholds, which her husband enfranchised after marriage. 2 Com.Dig. 469, title "Chancery" 3 E 2, citing Cas. Ch. 246, 247. Co.Litt. 32a, if the wife be entitled to have dower of three acres of marsh, every one of the value of twelve pence, the heir by his industry and charge makes it good meadow, every acre of the value of ten shillings, the wife shall have her dower according to the improved value, and not according to the value it was in her husband's time; for her title is to the quantity of the land, *viz.* one just third part thereof. And the like law is if the heir improve the land by building. And on the other side, if the value be impaired in the time of the heir, she shall be endowed according to the value at the time of the assignment, and not according to the value as it was in the time of her husband. *Vide* 2 Bac.Abr., (Wilson's edition) title "Dower" B, p. 368.